UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:10 CR 413 |
| | ) | |
| vs. | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| EDWARD E. BROWN, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Mr. Brown's Motion for Relief Under 28 U.S.C. § 2255. (ECF #92). Mr. Brown has argued that he is entitled to re-sentencing because his sentence was based on a finding that he had three prior violent felony convictions, which qualified him as an Armed Career Criminal under 18 U.S.C. §924(e). Two of the predicate offenses that qualified him for this designation were Aggravated Burglary convictions under Ohio Revised Code §2911(A)(3).

The parties agree that the United States Supreme Court, in *Mathis v. United States*, 136 S. Ct. 2243 (June 23, 2016), instructed courts to look to the elements of the crimes of prior conviction, and not to the facts underlying the specific case, to determine whether that prior conviction constitutes a generic burglary for purposes of the Armed Career Criminal Act

("ACCA"). The Sixth Circuit has held that the elements of O.R.C. §2911.11(A)(3), under which Mr. Brown was convicted, are broader than the elements of generic burglary. *See, United States v. Coleman*, 655 F.3d 480 (6th Cir. 2011); *United States v. Lane*, 909 F.2d 895, 901-902 (6th Cir. 1990); see also, *Taylor v. United States*, 495 U.S. 575, 598 (1990). Post- *Mathis*, the Sixth Circuit also found that the elements of Michigan's comparable breaking and entering statute was not divisible and was, therefore, broader than generic burglary under the ACCA. Therefore, because Mr. Brown's Aggravated Burglary convictions do not equate to generic burglary under the ACCA, and because *Johnson v. United States,* 135 S. Ct. 2551 (June 26, 2015) eliminated the residual clause as a means of establishing violent felonies under the ACCA, the parties agree that Mr. Brown is entitled to re-sentencing. For these reasons, Mr. Brown's Motion for Relief Under 28 U.S.C. § 2255, (ECF #92), is GRANTED. He is referred to the United States Probation Department for an updated Pre-Sentence Report. His re-sentencing is scheduled for Thursday June 22, 2017 at 10:30 a.m.. IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 24, 2017